USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/28/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA :
: 19-CR-212 (VEC)
-against- :
: ORDER
ALBERT MCDUFFIE, :
:
Defendant. :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 10, 2022, the Court received a letter *pro se* from Mr. McDuffie, Dkt. 321;

WHEREAS Mr. McDuffie requested that the court correct a clerical error in his judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure, *id.*;

WHEREAS the Court agreed with Mr. McDuffie that the Court had made a clerical error by omitting a reference to 21 U.S.C. § 841(b)(1)(B), the applicable penalty provision, from the Judgment ("J&C") entered on October 6, 2020, Dkt. 322;

WHEREAS on May 12, 2022, the Court entered an amended J&C that corrected the omission, Dkt. 323;

WHEREAS Mr. McDuffie also alleged that the omission renders the judgment unconstitutional and void and that, as a result, he should be released from custody, Dkt. 321;

WHEREAS the Court considered that portion of Mr. McDuffie's request as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, Dkt. 322;

WHEREAS because treating that portion of Mr. McDuffie's request as a petition for habeas corpus would mean that any subsequent § 2255 petition would be subject to restrictions on "second or successive motions," *id.* (citing *Adams v. United States*, 155 F.3d 582, 583 (2d

Cir. 1998); *Castro v. United States*, 540 U.S. 375, 383 (2003)), the Court gave Mr. McDuffie the opportunity to withdraw that portion of his letter rather than have the Court construe it as a writ of habeas corpus;

WHEREAS the Court ordered Mr. McDuffie to inform the Court, by no later than June 10, 2022, whether he would withdraw that portion of his motion or whether he would like the Court to construe it as a petition for a writ of habeas corpus, *id.*;

WHEREAS the Court informed Mr. McDuffie that if he failed to respond by the June 10, 2022 deadline, the Court would consider his motion on the merits, *id.*; and

WHEREAS Mr. McDuffie did not respond to the Court's order by the deadline (and still has not responded).

IT IS HEREBY ORDERED that the portions of Mr. McDuffie's *pro se* letter (Dkt. 321) arguing that the omission makes the judgment unconstitutional and void, and that he should be released from custody as a result, are construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that Mr. McDuffie's petition for habeas corpus is DENIED. Mr. McDuffie has not alleged any prejudice as a result of the omission of the penalty provision from the J&C.  *See* Dkt. 321.  Mr. McDuffie was fully aware of the statute that sets the penalty associated with his crime of conviction; the statutory cites for the conspiracy offense for which he was convicted and the associated penalty appear in several other documents, including Mr. McDuffie's Presentence Report and Plea Agreement.  *See also* Plea Tr., Dkt. 144 at 8 (laying out the offense, its elements, and the associated maximum penalty); *Tenace v. Senkowski*, No. 03-CV-900, 2007 WL 2874441, at *2, 5 (N.D.N.Y. Sept. 27, 2007) (denying the petitioner's claims

for habeas relief based on a typographical error because the petitioner had not shown any prejudice).

Moreover, Mr. McDuffie has not shown a violation of any federal constitutional right that would be cognizable on habeas review. Although Mr. McDuffie is correct that there can be no crime unless the act is prohibited by law, that is not the case here. The penalty statute both exists and was applied in Mr. McDuffie's case. The omission of a cite to the penalty provision in the J&C — now corrected — does not change those facts. Additionally, Mr. McDuffie pled guilty to the crime after confirming that he understood the maximum possible punishment that could be imposed. S*ee* Plea Tr., Dkt. 144 at 8–9, 17. At the time of this guilty plea, he confirmed that he had read the plea agreement and discussed it with his attorney before signing it; the plea agreement discussed the potential penalty that could be imposed and cited the relevant statutory provision. *See id.* at 13; *see also In re Martin*, 398 F. App'x 326, 327 (10th Cir. 2010) (holding that an amended J&C "merely correct[ing] a clerical error" does "not rise to the level of constitutional error," because the Defendant "was fully aware of his offense of conviction"). With no prejudice and no constitutional arguments to support his claim for relief, Mr. McDuffie's petition for habeas corpus must be denied.

IT IS FURTHER ORDERED that the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. *See Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

IT IS FURTHER ORDERED that the Clerk of Court is directed to open a parallel civil case for Mr. McDuffie's habeas petition.  The letter at 19-CR-212, Dkt. 321, should be docketed as docket entry 1, the endorsement at 19-CR-212, Dkt. 322, should be docketed as docket entry 2, and this Order should be docketed as docket entry 3 in the new civil case.  The Clerk is further directed to close the newly opened civil case.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to terminate the open motion at docket entry 321.  The Clerk is further directed to mail a copy of this Order to Albert McDuffie, Reg. No. 86768-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640, and to note the mailing on the docket.

**SO ORDERED.**

**Dated: June 28, 2022**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**